Justice Laurie McKinnon, dissenting.
*583 ¶84 No record at all exists of nearly twenty-five bench conferences for ***527 which the Defendant, Adam, was absent.[1] From events proceeding and following these conferences, we can discern that many involved substantive trial matters. Even giving the State the benefit of assuming a harmless rather than structural error analysis, the State cannot rebut the presumption of prejudice from a silent record. See Blake , ¶ 10 ; Price , ¶ 31 ; Tapson , ¶ 35 ; State v. Van Kirk , 2001 MT 184, ¶ 42, 306 Mont. 215, 32 P.3d 735. This is particularly true where the error is systematic and pervasive; indeed, the record in these proceedings is most accurately described as containing only what counsel and the court decided it should or should not contain. Here, there is no dispute that the District Court violated Adam's right to be present. Further, in evaluating a presence violation "we apply a harmless error analysis under which the State has the burden to demonstrate that there is no 'reasonable possibility' that the defendant's absence from the critical stage caused him prejudice." Blake , ¶ 10 (quoting Charlie , ¶ 41 ). The general rule stated in § 46-20-701(2), MCA, requiring the defendant to establish the claimed error was prejudicial does not apply where, as here, " 'the only means to meet that burden-the court record-was not preserved by reason of the commission of the error itself.' " State v. Price , 2009 MT 129, ¶ 27, 350 Mont. 272, 207 P.3d 298 (quoting Tapson , ¶ 35 ). I would hold the State failed to "demonstrate that the error at issue was not prejudicial." Van Kirk , ¶ 42.
¶85 As I stated in my special concurrence in State v. Northcutt , 2015 MT 267, 381 Mont. 81, 358 P.3d 179 (McKinnon, J., concurring), and, again, in my concurrence in Blake , ¶¶ 14-15 (McKinnon, J., concurring), the trial itself is a "critical stage" of the proceeding. The bench and chamber conferences that occurred here were part of Adam's trial and, as such, were critical stages of the proceeding. Therefore, Adam's absence from portions of his trial, when he did not waive his right to be present, was error. I would evaluate the error to determine whether the defendant's "presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." Snyder v. Massachusetts , 291 U.S. 97, 105-06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934) ; State v. Schenk , 151 Mont. 493, 499, 444 P.2d 861, 864 (1968). This Court, however, applies a harmless error analysis under ***528 which the State has the burden to demonstrate that there is no reasonable possibility that the defendant's absence from a critical trial stage caused him prejudice. Blake , ¶ 10 ; Charlie , ¶ 41 ; Van Kirk , ¶¶ 40-42. Harmless error review requires a "qualitative assessment by a reviewing court for prejudicial impact relative to the other evidence introduced at trial." Van Kirk , ¶ 40. Once the defendant demonstrates error, "it then becomes incumbent on the State to demonstrate that the error at issue was not prejudicial." Van Kirk , ¶ 42. Accordingly, "expand[ing] Tapson " is not the issue here. Opinion, ¶ 44. This case requires simple application of our harmless error analysis, as explained in Van Kirk and consistently applied to presence violations: the State must rebut a presumption of prejudice, in this case, from a silent record. Where there exists no record of what occurred during the conferences, that burden is very hard for the State to meet.
¶86 Aside from Tapson , where the judge entered the jury room during deliberations without the defendant or counsel and no record was made of the interaction, we have not previously considered a presence violation in the context of a silent record. In Price , the defendant argued he was prejudiced by his absence from several conferences. We could assess whether Price was prejudiced during conferences where a juror *584 was removed for bias and where evidence was excluded because the conferences were on record. Price , ¶¶ 33-40. In Charlie , we held the defendant was not prejudiced because the record reflected that the conference addressed defense counsel's need for more time to review discovery, ensuring Charlie received a fair trial. Charlie , ¶ 46. In State v. Kennedy , 2004 MT 53, ¶¶ 27, 34, 320 Mont. 161, 85 P.3d 1279, we determined the court violated Kennedy's right to be present when a juror was questioned and removed in Kennedy's absence. However, we concluded there was no prejudice to Kennedy, "emphasiz[ing] the fact that we could readily assess the record for prejudice because it was not ambiguous with regard to the District Court's conversations with the excused juror." Price , ¶ 26 (summarizing Kennedy , ¶¶ 32-33 (distinguishing Tapson , ¶¶ 30-33 )). Similarly, in Statev. Riggs , 2005 MT 124, ¶¶ 42-45, 54, 327 Mont. 196, 113 P.3d 281, the court twice spoke with jurors outside Riggs's presence. However, we considered the record and determined Riggs was not prejudiced by the error.
¶87 In Tapson , however, we determined the record's deficit made it impossible to conclude that Tapson did not suffer prejudice. Tapson , ¶¶ 30-33. We have reaffirmed the principle that the State must point to the record to rebut the presumption of prejudice and must demonstrate "that there is no reasonable possibility that the violation prejudiced the ***529 defendant ... based upon the record before us ...." Charlie , ¶ 45 (emphasis added); see Blake , ¶ 10. "Where the record shows that the defendant was not prejudiced, we have affirmed." Price , ¶ 24 (citing State v. Godfrey , 2009 MT 60, ¶ 25, 349 Mont. 335, 203 P.3d 834 ). Moreover, "we have reversed where the lack of a complete record makes it impossible to say that there was no prejudice." Price , ¶ 24. Pursuant to § 46-20-701(1), MCA, this Court reviews "the record on appeal" and may not reverse "by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial." Normally, the defendant establishes "that the claimed error was prejudicial," but our precedent is clear that where " 'the only means to meet that burden-the court record-was not preserved by reason of the commission of the error itself,' " the record's deficit makes it impossible to conclude there was no prejudice. Price , ¶ 27 (quoting Tapson , ¶ 35 ).
¶88 Accordingly, I dissent from the Court's decision finding "the existing record supports the State's position that Adam suffered no prejudice." Opinion, ¶ 44. Here, the trial error was pervasive and systematic. Further, it is evident that Adam was absent from conferences during which substantive trial issues were discussed. There is little dispute that the District Court erred when it excluded Adam from nearly twenty-five conferences during his trial. After a review of the record, there is also no legitimate dispute that the State failed to rebut the presumption of prejudice. Our harmless error precedent, putting aside whether it is appropriate in the context of presence violations, clearly requires the State to meet this burden. In my opinion, the State failed to do so here.
¶89 The Court should not try to salvage what cannot be saved. I dissent.

I agree with the Court that, had Adam been present during the conferences, the transcript would have noted his presence. Opinion, ¶ 22. Therefore, for purposes of analysis, Adam must be deemed absent from those conferences where his appearance is not noted by the court reporter.